1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JEFFREY JOHNSON,

Plaintiff(s),

v.

UNITED SERVICES AUTOMOBILE
ASSOCIATION, et al.,

Defendant(s).

Case No. 2:22-CV-532 JCM (DJA)

ORDER

Presently before the court is plaintiff Jeffrey Johnson's ("Johnson") motion to remand. (ECF No. 8). Defendants United Services Automobile Association ("USAA") and USAA Casualty Insurance Company ("CIC") (collectively "defendants") filed a response (ECF No. 17), to which Johnson replied (ECF No. 22).

Also before the court is USAA's motion to dismiss. (ECF No. 7). Johnson filed a response (ECF No. 9), to which USAA replied (ECF No. 10).

**I.     Background**

The instant action arises from a dispute surrounding USAA and CIC's alleged refusal to fulfill the terms of Johnson's insurance policy. (ECF No. 1-3). Johnson filed his initial complaint in Nevada state court on December 6, 2021, including only USAA as a defendant. (ECF No. 1-1 at 2). After reviewing Johnson's initial complaint, defendants contacted Johnson and requested that CIC replace USAA as the named defendant. (ECF No. 1 at 2). Johnson did not abide by this request, however, and submitted his amended complaint on February 4, 2022, naming *both* USAA and CIC as defendants. (ECF No. 1-3 at 2).

**James C. Mahan**
**U.S. District Judge**

1        In his amended complaint, Johnson alleges that USAA and CIC are alter egos of one

2    another. (*Id.* at 3). Additionally, Johnson proffers claims for breach of contract, bad faith, and

3    unfair claims practices. (ECF No. 1-3 at 13–17). Johnson served both defendants with the

4    amended complaint on March 8, 2022. (ECF No. 1 at 3).

5        On March 28, 2022, CIC timely filed a petition for removal, claiming that this court has

6    diversity jurisdiction pursuant to 28 U.S.C. § 1332. (ECF No. 1). In response, Johnson filed a

7    motion to remand on the basis that the parties are not fully diverse. (ECF No. 8). Separately,

8    USAA filed a motion to dismiss Johnson's claims on April 4, 2022, asserting that Johnson fails

9    to state a valid claim for relief against USAA. (ECF No. 7 at 7–9).

10   **II.**    **Legal Standard**

11      A. <u>Removal and Remand</u>

12        "'Federal courts are courts of limited jurisdiction,' possessing 'only that power

13    authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting

14    *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Pursuant to 28 U.S.C. §

15    1441(a), "any civil action brought in a [s]tate court of which the district courts of the United

16    States have original jurisdiction, may be removed by the defendant or the defendants, to the

17    district court of the United States for the district and division embracing the place where such

18    action is pending." 28 U.S.C. § 1441(a). Federal courts possess original jurisdiction over all

19    civil actions between citizens of different states where the amount in controversy exceeds

20    $75,000.00. *See* 28 U.S.C. § 1332(a). However, even with this explicit purview, "a federal court

21    is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."

22    *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir.

23    1989).

24        A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. §

25    1447(c). On a motion to remand, the removing defendant must overcome the "strong

26    presumption against removal jurisdiction" and establish that removal is proper. *Hunter v. Philip*

27    *Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.,* 980 F.2d 564,

28    566 (9th Cir.1992) (per curiam)).

**James C. Mahan**
**U.S. District Judge**

1

**B.** Motion to Dismiss

2    A court may dismiss a complaint for "failure to state a claim upon which relief can be

3 granted." FED. R. CIV. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain

4 statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2); *Bell*

5 *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed

6 factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of

7 the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation

8 omitted).

9    In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply

10 when considering motions to dismiss.  First, the court must accept as true all well-pled factual

11 allegations in the complaint; however, legal conclusions are not entitled to the assumption of

12 truth.  *Id.* at 678–79.  Second, the court must consider whether the factual allegations in the

13 complaint allege a plausible claim for relief.  *Id.* at 679.  A claim is facially plausible—and

14 therefore permissible—when the plaintiff's complaint alleges facts that allow the court to draw a

15 reasonable inference that the defendant is liable for the alleged misconduct.  *Id.* at 678.

16

**C.** Leave to Amend

17    Under Federal Rule of Civil Procedure 15(a), the court should "freely" give leave to

18 amend "when justice so requires," and absent "undue delay, bad faith, or dilatory motive on

19 the part of the movant, repeated failure to cure deficiencies by amendments . . . undue

20 prejudice to the opposing party . . . futility of the amendment, etc."  *Foman v. Davis*, 371

21 U.S. 178, 182 (1962).

22

**III.    Discussion**

23    Johnson argues that this matter should be remanded to state court because both Johnson

24 and USAA are residents of Nevada and therefore are not diverse.  (ECF No. 8 at 3–8).   In

25 response, defendants contend that USAA's citizenship is irrelevant because Johnson cannot

26 sustain any cause of action against it as a matter of law.  (ECF Nos. 1; 17 at 7–8).  Consequently,

27 USAA argues that the court should deny remand and dismiss the claims against it under the

28 doctrine of fraudulent joinder.  (ECF No. 7).

**James C. Mahan**
**U.S. District Judge**

- 3 -

1    A defendant may establish fraudulent joinder by showing the inability of the plaintiff to

2    assert a valid cause of action.  *Hunter*, 582 F.3d at 1044.  "[F]raudulently joined defendants will

3    not defeat removal on diversity grounds."  *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318

4    (9th Cir. 1998) (citations omitted).  The Ninth Circuit has "made it clear that . . . there is a

5    'general presumption against fraudulent joinder.'"  *Weeping Hollow Ave. Trust v. Spencer*, 831

6    F.3d 1110, 1113 (9th Cir. 2016) (quoting *Hunter*, 582 F.3d at 1046).  Thus, if there is even a

7    *possibility* that a state court could find that the complaint states a valid cause of action against a

8    defendant, the presiding federal court must find that the defendant was properly joined.

9    *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Hunter*,

10   582 F.3d at 1046).

11   The two motions at bar rest on a shared issue: whether Johnson can sustain a valid cause

12   of action against USAA.  Accordingly, to determine whether to remand this matter, the court first

13   determines whether Johnson asserts a possible claim against USAA.

14   A.  Johnson fails to state a valid claim for relief against USAA

15   "It is a general principle of corporate law deeply 'ingrained in our economic and legal

16   systems' that a parent corporation (so-called because of control through ownership of another

17   corporation's stock) is not liable for the acts of its subsidiaries."  *United States v. Bestfoods*, 524

18   U.S. 51, 61 (1998).  However, there are two exceptions to this rule: (1) that the parent company

19   is liable when it is "directly a participant in the wrong complained of," and (2) that the parent

20   company is liable when the plaintiff "pierce[s] the corporate veil" under state law.  *Id.* at 59.

21   To "pierce the corporate veil" under Nevada law, a plaintiff must proffer a claim for alter

22   ego liability that avers: "(1) [t]he corporation is influenced and governed by [its alleged alter

23   ego]; (2) [t]here is such unity of interest and ownership that the corporation and [its alleged alter

24   ego] are inseparable from each other; and (3) [a]dherence to the corporate fiction of a separate

25   entity would sanction a fraud or promote injustice."  NEV. REV. STAT. § 78.747(2).

26   Here, Johnson's amended complaint alleges that USAA and CIC are "alter egos of each

27   other."  (ECF No. 1-3 at 3).  In fact, Johnson rests his claim solely on that single conclusory

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1    statement.   Johnson declined to include any factual allegations in support of his claim or

2    otherwise address a single element of alter ego liability.  (*See id.*).

3          Under the *Iqbal* regime, conclusory statements—like the one Johnson alleges—are not

4    entitled to the presumption of truth.  556 U.S. at 678–79.  Without any factual support, the court

5    cannot possibly recognize Johnson's claim as facially plausible.  *Id.* at 678.  As a result, Johnson

6    fails to state a valid claim for alter ego liability.  Thus, unless Johnson can establish USAA's

7    direct participation in the alleged breach of contract, Johnson lacks a cause of action against

8    USAA for the alleged actions of its subsidiary, CIC.[1]

9          Johnson uses his deficient alter ego claim as a basis for treating USAA and CIC as a

10   single, indistinguishable unit in his amended complaint.  (ECF No. 1-3).  Following his alter ego

11   assertion, Johnson posits several broad factual allegations against "USAA" generally, which

12   almost exclusively pertain to correspondence detailing the merits of Johnson's insurance claim.

13   (*Id.* at 4–17).   None of the facts in Johnson's amended complaint discuss USAA's actions

14   specifically.   (*Id.*)   Furthermore, a closer inspection of the correspondence that Johnson

15   references in his complaint reveals that Johnson was communicating with CIC, not USAA.

16   (ECF No. 10 at 87–97).  Yet Johnson attributes these transmissions to USAA under his baseless

17   claim for "alter ego liability."

18          Separately from his complaint, Johnson proffers *some* factual support for his claim that

19   USAA was directly involved in the alleged breach of contract.  (ECF Nos. 8 at 6; 22 at 3–4).

20   Johnson alleges that he contacted USAA directly to initiate the creation of his policy.  (ECF No.

21   8 at 6).   Furthermore, Johnson alleges that he received yearly dividends as a "'member' of

22   USAA," that USAA withdrew funds from his bank account, and that CIC was not listed on the

23   insurance paperwork.  (ECF No. 22 at 3–4).

---

24

25          [1] For clarity, the fraudulent joinder analysis differs from that of a 12(b)(6) motion.
     *Grancare*, 889 F.3d at 549.  But while the court's analysis here resembles that of a 12(b)(6)
26   motion, it comports with *Grancare*'s holding.  In *Grancare*, the court held that, even though the
     plaintiff's complaint was likely unable to survive a motion to dismiss, the defendant was not
27   fraudulently joined.  However, in *Grancare*, the plaintiff had included several factual allegations
     in support or her claim that made a cause of action *possible*, even if it was insufficient under
28   12(b)(6).  889 F.3d at 551–52.  Here, on the other hand, Johnson has not included a single factual
     allegation, and thus there is *no possibility* that a state court would recognize a cause of action
     against USAA.  *Cf. id.*

**James C. Mahan**
**U.S. District Judge**

1    Johnson avers that these facts give rise to a cause of action against USAA for its direct

2    involvement in the alleged breach of Johnson's contract.  (*Id.* at 3).  But, as previously

3    mentioned, Johnson failed to include any of these factual allegations in his amended complaint.

4    (ECF No. 1-3).  Moreover, even when taking these allegations into consideration, it *still* appears

5    that Johnson contracted and corresponded with CIC, not USAA.[2]

6        USAA's lack of direct involvement with Johnson—coupled with Johnson's thoroughly

7    deficient claim for alter ego liability—suggests that a state court could not possibly find a cause

8    of action against USAA.  *Bestfoods*, 524 U.S. at 59, 61, 64–65; *Grancare*, 889 F.3d at 548–49.

9    Johnson's apparent want of a cause of action indicates that he fraudulently joined USAA as a

10   defendant.  *Grancare*, 889 F.3d at 548–49.  Thus, USAA's Nevada citizenship does not defeat

11   this court's diversity jurisdiction.  *Ritchey*, 139 F.3d at 1318.  Accordingly, the court finds CIC's

12   removal proper.

13       Similarly, due to Johnson's failure to assert a valid claim for relief, his amended

14   complaint does not satisfy Rule 8's pleading standard.  FED. R. CIV. P. 8(a)(2); *Iqbal*, 556 U.S. at

15   678–79; *Twombly*, 550 U.S. at 555.  Thus, the court is entitled to and does dismiss Johnson's

16   claims against USAA.  FED. R. CIV. P. 12(b)(6).

17   **IV.    Conclusion**

18       Accordingly,

19       IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to

20   remand (ECF No. 8) be, and the same hereby is, DENIED.

21   . . .

22   . . .

23   . . .

24

25       [2] CIC is clearly listed as the insurer on both Johnson's insurance cards and renewal
     declarations.  (ECF No. 1-2 at 6–10).  The letters Johnson received regarding his coverage all
26   contain the words "USAA Casualty Insurance Company" on either the first page or in the
     signature block.  (ECF No. 10 at 87–97).  Johnson's bank statements merely indicate that
27   "USAA.com" withdrew funds, a website that houses both USAA and CIC.  (ECF No. 9-2).
     Additionally, the insurance agreement never states that USAA is the insurer.  (ECF No. 1-2 at
28   33–55).  Thus, regardless of whether Johnson "believed" that he was a USAA member (ECF No.
     22-1 at 2), it appears obvious that he contracted and corresponded with CIC.  USAA appears to
     have ceased its involvement following initial contact with Johnson.

**James C. Mahan**
**U.S. District Judge**

1          IT IS FURTHER ORDERED that defendant's motion to dismiss (ECF No. 7) be, and the

2    same hereby is, GRANTED.  Plaintiff's complaint is DISMISSED against USAA, with leave to

3    amend within 21 days of this order.

4          DATED June 13, 2022.

5    _____
          UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 7 -