UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Jeffery Johnson, | Case No. 2:22-cv-00532-JCM-DJA |
| Plaintiff, | |
| v. | **Order** |
| United Services Automobile Association, et al., | |
| Defendants. | |

Defendants USAA Casualty Insurance Company and United Services Automobile Association have filed notices of their intent to serve *subpoenas duces tecum* on the docket. (ECF Nos. 25-36). However, the Court construes these notices to be discovery papers for three reasons. It thus kindly directs the Clerk of Court to strike these filings from the docket.

First, under Local Rule 26-7, discovery papers "must not be filed with the court until they are used in the proceeding, unless the court orders otherwise." That rule excludes documents listed in Federal Rule of Civil Procedure 5(d)(1)(A). LR 26-7. The Court construes Federal Rule of Civil Procedure 5(d)(1)(A) to contemplate notices of *subpoena duces tecum* like the ones filed here. *See* Fed. R. Civ. P. 5(d)(1)(A) (specifying "requests for documents or tangible things").

Second, under Local Rule IC 4-1(c)(3), "[w]hen a document is a subpoena, it must be served under applicable Federal Rules of Procedure," even if it is electronically filed. Federal Rule of Civil Procedure 45(b) does not contemplate service via electronic filing. *See* Fed. R. Civ. P. 45(b). And Defendant's notices do not argue that it does.

Third, other courts in this district have discussed that the electronic filing system is not intended to be used to serve discovery. *See Cannon v. Austal USA LLC*, No.15-cv-2582-CAB-BLM, 2017 WL 1365699, at *3 (S.D. Cal. April 14, 2017) (explaining that "there is no [Notice of Electronic Filing] constituting service of the discovery at issue because discovery is not intended

to be filed on the CM/ECF system"); *see Taylor v. County of Pima*, No. cv-15-00152-TUC-RM, 2021 WL 5040337, at *5 n.6 (D. Ariz. Oct. 29, 2021) (declining to find that a party served a subpoena through the electronic filing system in part because they "failed to show that serving a subpoena via a notice of electronic filing is proper under Rule 45"). The Court also has the inherent power to strike improper filings under its inherent power to control the docket. *See, e.g.*, *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). The Court finds the Southern District of California and District of Arizona's discussions persuasive here and strikes the notices from the docket using its inherent power.

**IT IS THEREFORE ORDERED** that Defendants' notices of *subpoena duces tecum* (ECF Nos. 25 – 36) are **stricken.** The Clerk of Court is kindly directed to strike these filings.

DATED: June 23, 2022

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE