UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JEFFREY JOHNSON,<br><br>　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>USAA CASUALTY INSURANCE COMPANY,<br><br>　　　　　　　　Defendant(s). | Case No.2:22-CV-532 JCM (DJA)<br><br>ORDER |

Presently before the court is defendant USAA Casualty Insurance Company's motion for summary judgment. (ECF No. 114). Plaintiff Jeffrey Johnson filed a response (ECF No. 126), to which defendant replied. (ECF No. 130).

Also before the court is plaintiff's motion for leave to file a supplemental opposition to defendant's motion for summary judgment. (ECF No. 154). Defendant filed a response. (ECF No. 156).

**I.   Background**

This case involves an insurance coverage dispute. On December 6, 2017, plaintiff was involved in a car accident with William Boise. (ECF No. 114 at 2). Plaintiff recovered $115,000 from Boise's insurance policies. (*Id.*). He also filed a worker's compensation claim and was compensated approximately $8,000 for medical expenses and $74,000 for his permanent partial disability. (*Id.*).

At the time of the accident, plaintiff maintained an insurance policy with defendant, which

included uninsured/underinsured motorist coverage.  (*Id*. at 3).  On December 27, 2017, plaintiff notified defendant of the accident and requested disclosure of his policy benefits.  (ECF No. 126 at 5).  After years of correspondence between the parties, defendant maintained its position that the underinsured motorist coverage was not triggered.  (*Id*. at 15).

The policy includes a non-duplication provision which states that "no covered person will be entitled to receive duplicate payments under this coverage for the same elements of loss which were […] [p]aid because of the [bodily injury] by or on behalf of persons … who may be legally responsible" or "[p]aid or payable under any [w]orker's compensation law."  (ECF No. 114 at 3).

Moreover, the policy's offset provision provides that "amounts otherwise payable for damages under UM coverage shall be reduced by . . . [t]he amount paid because of the [bodily injury] by or on behalf of persons … who may be legally responsible" and "[a]mounts paid or payable because of the [bodily injury] under […] [w]orkers' compensation law, disability benefits law, or similar law."  (*Id*.).

The gravamen of plaintiff's complaint is that defendant "has not fully or fairly evaluated this claim or appropriately considered plaintiff's future damages."  (ECF No. 1-3).  His complaint alleges three causes of action: (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, and (3) unfair claims practices.  (*Id*.).  Defendant moves for summary judgment as to all three claims.  (ECF No. 114).

## II.   Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits (if any), show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Information may be considered at the summary

judgment stage if it would be admissible at trial. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citing *Block v. Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence. Rather, it draws all inferences in the light most favorable to the nonmoving party. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir.1987).

When the non-moving party bears the burden of proof at trial, the moving party can meet its burden on summary judgment in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied, and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.

However, the nonmoving party cannot avoid summary judgment by relying solely on

conclusory allegations that are unsupported by factual data.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial.  *See Celotex*, 477 U.S. at 324.  If the nonmoving party's evidence is merely colorable or is not significantly probative, summary judgment may be granted.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).

**III.    Discussion**

Defendant moves for summary judgment as to all of plaintiff's causes of action.  (ECF No. 114).  As an initial matter, the court denies plaintiff's request to file a supplemental opposition to defendant's motion.  (ECF No. 154).  No reasonable jury could conclude that defendant's $10,000 reserve on file demonstrates that it agrees plaintiff has not been fully compensated.  *See Phoenix Ins. Co. v. Your Vitamins, Inc.*, No. 2:12-CV-00564-MMD, 2013 WL 459226, at *3 (D. Nev. Feb. 5, 2013).

Moreover, the court declines plaintiff's request to conduct additional discovery.  (ECF No. 126 at 29).  Plaintiff has failed to show that the sought-after facts are essential to resist summary judgment.  *See State of Cal., on Behalf of California Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998).

1. Breach of contract

Nevada treats insurance policies like other contracts, and thus, legal principles applicable to contracts are generally applicable to insurance policies.  *Century Sur. Co. v. Andrew*, 134 Nev. 819, 432 P.3d 180, 183 (2018) (citations omitted).  Nevada law requires a breach of contract claimant show (1) the existence of a valid contract, (2) performance by the plaintiff, (3) a breach by the defendant, and (4) damages resulting from the breach.  *Walker v. State Farm Mutual*

- 4 -

*Automobile Insurance Company*, 259 F.Supp.3d 1139, 1145 (D. Nev. 2017).

"Whether a party has breached a contract and whether the breach is material are questions of fact." *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 536 (9th Cir. 2011) (citing *Hoffman v. Eighth Judicial Dist. Court*, 90 Nev. 267, 523 P.2d 848, 850 (1974). In Nevada, "[t]he starting point for the interpretation of any contract, including insurance policies, is with its plain language." *WP6 Rest. Mgmt. Grp. LLC v. Zurich Am. Ins. Co.*, No. 2:20-cv-1506-KJD-NJK, 2022 WL 980248, at *7 (D. Nev. Mar. 31, 2022).

An insurance policy "is enforced according to its terms to effectuate the parties' intent," viewing its provisions "in their plain, ordinary[,] and popular sense." *Levy Ad Grp., Inc. v. Chubb Corp.*, 519 F. Supp. 3d 832, 836 (D. Nev. 2021), *aff'd sub nom. Levy Ad Grp., Inc. v. Fed. Ins. Co.*, No. 21-15413, 2022 WL 816927, at *1 (9th Cir. Mar. 17, 2022) (citing *Siggelkow v. Phoenix Ins. Co.*, 846 P.2d 303 (1993)).

First, defendant argues that under the non-duplication provision, plaintiff has already been compensated for all elements of his loss. (ECF No. 114 at 5). Plaintiff opposes, arguing that he has not been compensated for additional medical treatment, past and future loss of household services, wage loss for future treatment, past and future physical and mental pain, suffering, anguish, and disability. (ECF No. 126 at 22).

Defendant has failed to prove that summary judgment is proper. It provides only conclusory statements, without evidence, that all of plaintiff's past recovery includes the same elements of loss he seeks to recover from defendant. Here, plaintiff has presented evidence proving that there remains a genuine issue for trial. A reasonable jury could conclude that defendant breached the policy agreement by not providing plaintiff's requested coverage.

Alternatively, defendant argues that if the court allows additional recovery, plaintiff must

prove damages in excess of $197,037.86. (ECF No. 114 at 8). However, the court will not make a specific determination as to what plaintiff is owed. The court finds only that a reasonable jury could conclude that defendant has not been compensated for certain elements of loss, in excess of what he has already recovered.

2. Good faith and fair dealing

"It is well established that all contracts impose upon the parties an implied covenant of good faith and fair dealing, which prohibits arbitrary or unfair acts by one party that work to the disadvantage of the other." *Nelson v. Heer*, 163 P.3d 420, 426–27 (Nev. 2007). The purpose of the claim is to prevent a contracting party from "deliberately counterven[ing] the intention and spirit of the contract." *Morris v. Bank of America Nevada*, 886 P.2d 454, 457 (Nev. 1994) (internal quotation marks omitted).

"Bad faith is established where the insurer acts unreasonably and with knowledge that there is no reasonable basis for its conduct." *Guar. Nat. Ins. Co. v. Potter*, 912 P.2d 267, 272 (Nev. 1996). Generally, "a bad-faith claim is subject to summary judgment if the defendant demonstrates that there was a genuine dispute as to coverage, because if the insurer had a reasonable basis to deny coverage," the insurer is unlikely to know it was acting unreasonably. *Amini v. CSAA Gen. Ins. Co.*, No. 2:15-cv-0402-JAD-GWF, 2016 WL 6573949, at *4 (D. Nev. Nov. 4, 2016).

Thus, if the undisputed evidence shows that defendant had a reasonable basis for its actions, there cannot be bad faith. Defendant contends that it had a reasonable basis for not paying any additional amounts for plaintiff's past and future medical bills, past and future wage loss, disability, and pain and suffering because those losses were already paid for. (ECF No. 114 at 11).

Plaintiff argues that bad faith is established because defendant unreasonably refused to pay the policy limits and evaluate his claim. (ECF No. 126 at 24). Here, there was a genuine dispute

as to whether coverage was applicable; thus defendant did not act unreasonably in denying coverage. Moreover, the court cannot find that defendant refused to evaluate his claim because plaintiff's own statement of facts prove that defendant did so. (*See id*.). Summary judgment is therefore appropriate.

3. Unfair claims practices

The Nevada Unfair Claims Practices Act, NRS 686A.310, addresses "the manner in which an insurer handles an insured's claim." *Zurich Am. Ins. Co. v. Coeur Rochester*, *Inc.*, 720 F. Supp. 2d 1223, 1236 (D. Nev. 2010) (internal quotation omitted). The statute lists sixteen activities that constitute unfair practices. NRS § 686A.310(1)(a)-(p). When an insurance company engages in one of these prohibited activities, the insured may bring a private right of action against the insurer for violations of the statute. *See Hart v. Prudential Prop. & Cas. Ins. Co.*, 848 F.Supp. 900, 903 (D. Nev. 1994).

Plaintiff contends that defendant violated multiple provisions of NRS 686A.310. (*See* ECF No. 126). In response, defendant offers one conclusory statement that plaintiff presents no evidence to support his unfair claims practices cause of action. (ECF No. 130 at 10). The court finds that defendant has failed to meet its initial burden on summary judgment. Plaintiff has set forth sufficient evidence showing that a genuine issue for trial remains as to his third cause of action. Therefore, summary judgment is inappropriate.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for summary judgment (ECF No. 114) be, and the same hereby is, GRANTED in part and DENIED in part. Summary judgment is GRANTED on plaintiff's second cause of action for breach of the

1 | covenant of good faith and fair dealing.  The case proceeds on plaintiff's remaining claims.

IT IS FURTHER ORDERED that plaintiff's motion for leave to file a supplemental opposition to defendant's motion for summary judgment (ECF No. 154) be, and the same hereby is, DENIED.

DATED February 25, 2025.

_____
UNITED STATES DISTRICT JUDGE