UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JEFFREY JOHNSON,<br><br>　　　　　　　Plaintiff(s),<br><br>　　v.<br><br>USAA CASUALTY INSURANCE COMPANY,<br><br>　　　　　　　Defendant(s). | Case No.2:22-CV-532  JCM (DJA)<br><br>ORDER |

Presently before the court is plaintiff Jeffrey Johnson's motion for partial summary judgment.  (ECF No. 171).  Defendant filed a response (ECF No. 176), to which plaintiff replied (ECF No. 178).

Also before the court is plaintiff's motion to remand to state court.[1]  (ECF No. 182). Defendant filed a response (ECF No. 188), to which plaintiff replied (ECF No. 190).

**I.　BACKGROUND**

This case involves an insurance coverage dispute.  The parties are familiar with the facts of this case, and the court does not recite them herein.  (*See* ECF No. 179).  Plaintiff moves for summary judgment as to defendant's alleged cooperation defense.  (ECF No. 171).  Specifically, he argues that defendant voluntarily withdrew this affirmative defense in its amended answer filed on May 31, 2024.  (*Id.*).

. . .

---

[1] Given the denial of plaintiff's motion to amend his complaint, (ECF No. 201), plaintiff's motion to remand (ECF No. 182) is denied as moot.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits (if any), show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Information may be considered at the summary judgment stage if it would be admissible at trial. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citing *Block v. Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In considering evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence. Rather, it draws all inferences in the light most favorable to the nonmoving party. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir.1987).

When the non-moving party bears the burden of proof at trial, the moving party can meet its burden on summary judgment in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied, and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.

. . .

1      However, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324. If the nonmoving party's evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).

## III.  DISCUSSION

As an initial matter, noncooperation is an affirmative defense that must be raised in a responsive pleading, or it is otherwise waived. *See Corcoran v. Am. Fam. Mut. Ins. Co. S.I.*, 634 F. Supp. 3d 1017 (W.D. Wash. 2022); *see also Matchniff v. Great Nw. Ins. Co.*, 224 F. Supp. 3d 1119 (D. Or. 2016).

Here, defendant alleged a noncooperation defense in its April 2022 answer to plaintiff's complaint. (ECF No. 6). However, defendant omitted this affirmative defense from its May 2024 amended answer. (ECF No. 133).

Thus, plaintiff argues that defendant abandoned this defense. Defendant opposes, arguing that it asserted the cooperation defense in its amended answer by alleging that "[p]laintiff's claims for relief are barred or reduced by the terms, provisions, limitations, and exclusions in the [p]olicy." (ECF No. 133; ECF No. 176). This argument is unavailing.

"The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). While fair notice does not require a detailed statement of facts, it does mandate a defendant state the nature and grounds for an affirmative defense. *See Conley v. Gibson*, 355 U.S. 41, 47–48 (1957). The court finds that the alleged cooperation defense asserted in defendant's amended answer provides inadequate notice.

Moreover, on May 16, 2024, Magistrate Judge Albregts held a hearing on defendant's motion for protective order, where defense counsel confirmed that they would not proceed with a cooperation defense. (ECF No. 134 at 8). Thus, given defendant's abandonment of its affirmative

1  defense and its explicit representation that the defense would not be pursued, summary judgment
2  is appropriate.

3  **IV.    CONCLUSION**

4  Accordingly,

5  IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for
6  partial summary judgment (ECF No. 171) be, and the same hereby is, GRANTED.

7  IT IS FURTHER ORDERED, ADJUDGED, and DECREED that plaintiff's motion to
8  remand (ECF No. 182) be, and the same hereby is, DENIED.

9  DATED July 23, 2025.

_____
UNITED STATES DISTRICT JUDGE