**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JEFFERY JOHNSON,

Plaintiff,

vs.

UNITED STATES AUTOMOBILE ASSOCIATION, *et al.*,

Defendants.

Case No.: 2:22-cv-00532-GMN-DJA

**AMENDED ORDER**[1]

Pending before the Court is the Motion in Limine to Exclude Evidence and Argument of Plaintiff's Claimed Future Damages Related to Future Shoulder Surgery, (ECF No. 200), filed by Defendant USAA Casualty Insurance Company ("USAA CIC"). Plaintiff Jeffrey Johnson filed a Response, (ECF No. 207), to which Defendant filed a Reply, (ECF No. 213). Further pending before the Court is the Motion to Exclude Expert Testimony of Marc Beckerman, (ECF No. 192), filed by Defendant. Plaintiff filed a Response, (ECF No. 202), to which Defendant filed a Reply, (ECF No. 211).

For the reasons discussed below, the Court DENIES Defendant's Motion in Limine to Exclude Evidence and Argument of Plaintiff's Claimed Future Damages Related to Future Shoulder Surgery, and GRANTS, in part, and DENIES, in part, Defendant's Motion to Exclude Expert Testimony of Marc Beckerman.

[1] The Court amends this order to correct a clerical error in the Background section. Specifically, this Order previously stated that the Court had granted summary judgment on Plaintiff's breach of contract claim, which was incorrect. The Order now correctly states that summary judgment was granted only with respect to Plaintiff's claim for breach of the implied covenant of good faith and fair dealing.

## I. BACKGROUND

This case involves an insurance coverage dispute. On December 6, 2017, Plaintiff was involved in a car accident with William Boise. (Compl. ¶ 9, Ex. A to Pet. Removal, ECF No. 1-1). Plaintiff recovered $115,000 from Boise's insurance policies. (*See* Injury Evaluation, Ex. 1 to Mot. Summ. J., ECF No. 114-1). He also filed a worker's compensation claim and was compensated approximately $8,000 for medical expenses and $74,000 for his permanent partial disability. (Order Granting in Part Mot. Summ. J. 1:24–26, ECF No. 179).

At the time of the accident, Plaintiff held an insurance policy with defendant, which included uninsured/underinsured motorist coverage. (Compl. ¶¶ 14–15, Ex. A to Pet. Removal). On December 27, 2017, Plaintiff notified Defendant of the accident and requested disclosure of his policy benefits. (*Id.* ¶¶ 16–17). After years of correspondence between the parties, Defendant maintained its position that the underinsured motorist coverage was not triggered. (*See generally id.*).

On the day of the accident, Plaintiff reported pain in his left shoulder and submitted issues with that shoulder as part of his worker's compensation claim. (*See* Notice of Injury or Occupational Disease, Ex. 2 to Resp. Mot. Exclude Damages, ECF No. 207-2). After receiving treatment for the injury to his left shoulder, Plaintiff began physical therapy for the injury. (*See* Medical Records from University Medical Center, Ex. 1 to Resp. Mot. Exclude Damages, ECF No. 207-1); (*see also* Medical Records from Nevada Orthopedic & Spine Center, Ex. 3 to Resp. Mot. Exclude Damages, ECF No. 207-3). After being diagnosed with crepitus of the shoulder, Plaintiff continued to experience pain in his left shoulder and discussed a further procedure, total shoulder arthroplasty, with several doctors. (*See* Resp. Mot. Exclude Damages 3:18–5:2, ECF No. 207).

Plaintiff originally brought this case in the Eighth Judicial District Court for Clark Country, Nevada, asserting claims for breach of contract, breach of the covenant of good faith

and fair dealing, and unfair claims practices against Defendant. (*See* Compl., Ex. A to Pet. Removal). Defendant thereafter removed to this Court. (*See* Pet. Removal, ECF No. 1). The Court granted summary judgment on Plaintiff's claim for breach of the convent of good faith and fair dealing, leaving Plaintiff's breach of contract and unfair claims practices claims. (Order Granting in Part Mot. Summ. J. 7:28–8:1).

Defendants now move to exclude evidence and argument regarding Plaintiff's potential future surgery for a shoulder injury suffered in the accident, and to exclude the testimony of Plaintiff's expert Marc Beckerman.

## II. <u>LEGAL STANDARD</u>

In general, "[t]he court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104(a). In order to satisfy the burden of proof for Federal Rule of Evidence ("FRE") 104(a), a party must show that the requirements for admissibility are met by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("We have traditionally required that these matters [regarding admissibility determinations that hinge on preliminary factual questions] be established by a preponderance of proof.").

"Although the [FRE] does not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing FRE 103(c)). In limine rulings "are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *see also Luce*, 469 U.S. at 41 (noting that limine rulings are always "subject to change," especially if the evidence unfolds in an unanticipated manner). To exclude evidence on a motion in limine, the evidence must be "clearly inadmissible on all potential grounds." *Ind. Ins. Co v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings

should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in the proper context." *Hawthorne Partners v. AT & T Tech, Inc.*, 831 F.Supp. 1389, 1400 (N.D. Ill. 1993). This is because although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better suited during the actual trial to assess the value and utility of evidence. *Wilking v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007).

## III. <u>DISCUSSION</u>

The Court first addresses Defendant's Motion to Exclude Evidence and Argument of Plaintiff's Claimed Future Damages Related to Future Shoulder Surgery before turning to Defendant's Motion to Exclude Testimony of Marc Beckerman.

### A. Motion to Exclude Evidence and Argument of Damages Relating to Plaintiff's Future Shoulder Surgery

Generally, a plaintiff seeking future medical expenses "must establish that such future medical expenses are reasonably necessary," *Hall v. SSF, Inc.*, 930 P.2d 94, 97 (Nev. 1996), and that the contemplated damages are reasonably certain to be incurred, *see Yamaha Motor Co., U.S.A. v. Arnoult*, 955 P.2d 661, 671 (Nev. 1998) (indicating that in order to recover future medical expenses, a plaintiff must show "a reasonable probability that such expenses will be incurred"). Defendant argues that Plaintiff has failed to meet this burden, explaining that while Plaintiff consulted with several doctors about the possibility of future shoulder replacement, none of those doctors expressly recommended that surgery to Plaintiff. (*See generally* Mot. Exclude Damages). In Response, Plaintiff contends that his conversations with those doctors established that (1) Plaintiff's shoulder injury was a permanent aggravation that will have permanent effects, and that (2) Plaintiff is a candidate for shoulder replacement should Plaintiff choose to pursue it. (Resp. Mot. Exclude 12:13–24).

In support of their argument, Defendants cite *York v. Smith*, 367 P.3d 821 (Nev. 2010), and *Hall v. Liberty Mutual General Insurance Company*, No. 2:16-cv-00117-MMD-PAL, 2017 WL 4349225 (D. Nev. Sept. 29, 2017), two cases in which the plaintiff did not establish that future damages were reasonably certain to occur. However, *York* was an appeal of the district court's denial of a motion for a new trial, and *Hall* dealt with a motion for summary judgment. *See York*, 367 P.3d at 821; *Hall,* 2017 WL 4349225 at *1. Defendants here attempt to effectively seek judgment on one of Plaintiff's damages theories through a motion in limine, a strategy disfavored by courts in this Circuit. *See, e.g.*, *Nat. Res. Def. Council v. Rodgers*, No. CIV-S-88-1658-LKK, 2005 WL 1388671, at *1 (E.D. Cal. June 9, 2005) ("Motions in limine address evidentiary questions and are inappropriate devices for resolving substantive issues."); *Sempra Energy v. Marsh USA, Inc.*, No. CV-07-05431-SJO, 2008 WL 11335050, at *11 (C.D. Cal. Oct. 15, 2008) ("[T]he Court will not hear or resolve summary judgment motions disguised as motions in limine."). At bottom, the dispute here is a factual one: whether the conversations Plaintiff had with several doctors are sufficient to establish that Plaintiff will undergo shoulder replacement to a reasonable certainty. That question is best resolved by the finder of fact at trial, not by the Court through an evidentiary motion. Accordingly, the Court DENIES Defendant's Motion to Exclude Evidence and Argument of Plaintiff's Claimed Future Damages Related to Future Shoulder Surgery.

**B. Defendant's Motion to Exclude Expert Testimony of Marc Beckerman**

The admissibility of expert testimony is governed by FRE 702. Under that rule, a witness "who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of opinion or otherwise if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and

(d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case."

Fed. R. Evid 702. As construed in *Daubert v. Merrell Dow Pharms., Inc.*, Rule 702 tasks a judge with ensuring that an expert's testimony is (1) reliable and (2) relevant. 509 U.S. 579, 597 (1993). Further, under Federal Rule of Civil Procedure ("FRCP") 26(a)(2)(B), a retained expert witness must produce a written report containing, among other things, "(i) a complete statement of all opinions the witness will express and the basis and reasons for them [and] (ii) the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii). Failure to comply with Rule 26(a)(2)(B)'s written report requirements is a basis to exclude the expert's opinions under Fed. R. Civ. P. 37(c).

Defendant here seeks to either exclude wholesale or limit the testimony of Plaintiff's insurance claims expert, Marc Beckerman. (Mot. Exclude Expert 3:10–13, ECF No. 192). The Court addresses each of Defendant's arguments in turn.

**1. Beckerman is Qualified**

Defendant first argues that Beckerman is unqualified as an expert witness because he lacks recent knowledge and experience on which to base reliable opinions. (Mot. Exclude Expert 4:12–14). Specifically, while Defendant concedes that Beckerman has 34 years of experience in insurance claims management, Defendant argues that because Beckerman last worked for an insurance or claims company in 2013, that experience is outdated. (*See id.* 4:12–5:6). However, as Plaintiff points out, FRE 702 does not require that an expert witness obtain knowledge or experience in close temporal proximity to their testimony, nor does Defendant cite any authority establishing such a requirement. (Resp. Mot. Exclude Expert 3:35–4:5). Noting Beckerman's extensive experience in the field of insurance claims, the Court finds that he is qualified as an expert witness under FRE 702 and declines to exclude his testimony on that basis.

**2. Beckerman's Case Value Opinions**

Defendant next moves for the exclusion of any opinion Beckerman may give regarding the current value of Plaintiff's case, and any medical opinions Beckerman may give. (Mot. Exclude Expert 6:11–10:17, 12:14–14:6). Defendant argues that while Beckerman disclosed his evaluation of the value of Plaintiff's claim at the claim settlement stage, (i.e., before this lawsuit was filed), he did not disclose any opinions about the value of Plaintiff's purported damages at trial. (*Id.* 6:17–7:12). Thus, Defendant argues that any opinion about the damages owed to Plaintiff is barred by FRCP 26(a)(2)(B)(i). (*Id.*). Defendants further argue that Beckerman's opinions regarding the value of Plaintiff's case must be excluded because they are (1) impermissible legal conclusions, (2) based on medical expertise that Beckerman is unqualified to give, and (3) likely to confuse or mislead the jury such that they should be excluded under FRE 403. (*Id.*) Plaintiff argues in response that Beckerman's opinions about the value of Plaintiff's case were elicited by Defendant during Beckerman's deposition and are thus now admissible under FRCP 26. (Resp. Mot. Exclude Expert 11:14–16). Plaintiff further concedes that Beckerman has "no intention" of opining on whether Plaintiff will need additional surgery in the future because of the subject accident. (*Id.* 12:10–12).

First, while true that Beckerman did not include any opinion on the value of damages Plaintiff may seek at trial in his expert report, those opinions were elicited by Defendant during Beckerman's deposition, and thus do not run afoul of FRCP 26 and 37. *See, e.g.*, *Myers v. City of Hermosa Beach*, No. CV-06-0716-CBM, 2009 WL 10715819, at *1 (C.D. Cal. Aug. 14, 2009) ("An expert may testify to opinions he rendered in his expert report and the opinions he rendered at his deposition."). Second, the Court agrees with Defendant that Beckerman does not possess the requisite medical expertise to opine on whether Plaintiff's future shoulder surgery is reasonably certain to occur. Indeed, as Plaintiff explains, Beckerman will defer to medical experts and treating providers regarding the necessity of treatment received or

recommended at trial and will not opine on whether Plaintiff will more likely than not need future shoulder surgery. (Resp. Mot. Exclude Expert 12:8–12).

Plaintiff further concedes, however, that determining the value of Plaintiff's case was also not part of the role that Beckerman was hired to fill. (*Id.* 11:7–16). Indeed, as Defendant points out, Beckerman's opinion on the value of Plaintiff's case is based solely on his estimate of the cost of future surgeries that Plaintiff may or may not incur. (*See* Beckerman Dep. 23:1–26:15, Ex. C to Mot. Exclude Expert, ECF No. 192-3). Notably, Beckerman's basis for his estimation of the value of Plaintiff's case does not appear to be based on his knowledge and experience as a claims adjuster, nor does Plaintiff contend that it is. (*See* Resp. Mot. Exclude Expert 11:7–20). Accordingly, the Court GRANTS Defendant's Motion to Exclude Beckerman's opinions on the value of Plaintiff's case post-litigation.

**3. Beckerman's Medical Opinions**

Defendants next move to exclude Beckerman's medical opinions, including (1) his opinion that Plaintiff's prior medical conditions were exacerbated by the subject accident, (2) that Plaintiff's medical treatment was "reasonably and appropriately taken," and (3) that Plaintiff had progressive and worsening medical conditions. (Mot. Exclude Expert 12:14–20). In response, Plaintiff explains that Beckerman does not intend to opine on Plaintiff's medical condition, or the propriety of medical treatment Plaintiff received, but rather only how "medical evidence should have been used in Defendant's evaluation of Plaintiff's claim according to industry standards." (Resp. Mot. Exclude Expert 14:16–21).

Here, the Court agrees that Beckerman does not possess the requisite experience to opine on Plaintiff's pre-existing medical conditions or whether medical treatment was "reasonably and appropriately taken." As Plaintiff concedes, Beckerman was hired as an expert "to explain the industry standards regarding evaluating a claim and to discuss how Defendant failed to follow those standards," not to opine on the need for future medical treatment, or on

Plaintiff's medical status generally. (Resp. Mot. Exclude Expert 11:8–10). However, Plaintiff is correct that opining on how medical evidence of Plaintiff's injuries and prior medical condition should have been used by Defendant in evaluating Plaintiff's claim according to industry standards falls within Beckerman's knowledge and experience. Accordingly, the Court GRANTS Defendant's Motion to Exclude his medical opinions, but Beckerman will be permitted to opine on whether Defendant's use of medical evidence in evaluating Plaintiff's claim comported with industry standards.

**4. Beckerman's Legal Conclusions**

Defendant next argues that the Court should exclude several opinions proffered by Beckerman that Defendant characterizes as legal conclusions. Namely, Defendant asks this Court to exclude Beckerman's opinions on (1) the removal of this case, (2) the interpretation of the insurance agreement, (3) whether Defendant committed fraud or bad faith, (4) Defendant's state of mind, (5) Plaintiff as an "eggshell plaintiff," (6) the impact of Defendant internally setting reserves for Plaintiff's claim, (7) the legal obligation of Defendant to obtain medical records, as well as Beckerman's characterization opinions. (Mot. Exclude Expert 10:20–12:13, 14:18–21:10). The Court addresses each in turn.

**a. Beckerman's Opinion on Removal**

Defendant first argues that Beckerman's opinion that removal in this case was improper should be excluded as an impermissible legal conclusion. (*Id.* 10:20–11:16). In response, Plaintiff contends that Beckerman intends to opine on the impropriety of removal in order to show that Defendant failed to properly evaluate Plaintiff's claim. (Resp. Mot. Exclude Expert 13:22–14:2). Specifically, Plaintiff argues that because Plaintiff's claim is still open and pending, Defendant's litigation tactics in "defending" that claim are a part of their claims handling process and "must be commented on by Plaintiff's insurance expert." (*Id.* 14:1–2). However, it is well settled that an expert cannot opine about legal conclusions. *United States v.*

*Scholl*, 166 F.3d 964, 973 (9th Cir. 1999). Here, the Court has denied two motions to remand filed by Defendant—Beckerman's proposed opinion that removal was improper is not only an impermissible legal conclusion, but it is one that directly conflicts with multiple orders issued by this Court. (*See* Orders Denying Mot. Remand, ECF Nos. 24, 215). Accordingly, the Court GRANTS Defendant's Motion to Exclude Beckerman's opinion on the propriety of removal in this case.

**b. Beckerman's Opinions About the Interpretation of the Insurance Agreement**

Defendant next argues that Beckerman's opinions about the interpretation of the insurance agreement between Plaintiff and Defendant should be excluded as an impermissible legal conclusion. (Mot. Exclude Expert 15:9–14). Specifically, Defendant points to Beckerman's statements that Plaintiff was entitled to insurance benefits under the agreement. (*Id.* n. 87 (citing *Hermanson v. Century Nat'l Ins. Co.*, No. 2:19-CV-00656-RFB-EJY, 2021 WL 4486348, at *3 (D. Nev. Sept. 30, 2021), *on reconsideration in part*, No. 2:19-cv-00656-RFB-EJY, 2023 WL 11909905 (D. Nev. Mar. 31, 2023) ("[The] interpretation of an insurance contract is a question of law, to be decided by the court"))). Plaintiff argues in response that it is within Beckerman's knowledge and experience to opine on Plaintiff's eligibility for coverage under the agreement, and thus he should be permitted to offer that opinion. (Resp. Mot. Exclude Expert 20:2–15).

The Court agrees, however, that expert testimony "cannot be used to provide legal meaning or interpret [insurance] policies as written." *McHugh v. United Service Auto. Ass'n*, 164 F.3d 451, 454 (9th Cir. 1999). Because Beckerman's opinion that Plaintiff is entitled to benefits under his insurance agreement with Defendant is effectively an interpretation of that agreement, the Court GRANTS Defendant's Motion to Exclude that opinion.

///

**c. Beckerman's Opinions on Whether Defendant Committed Fraud or Bad Faith**

Defendant next moves to exclude Beckerman's opinion that Defendant committed fraud and is liable for bad faith. (Mot. Exclude Expert 14:18–15:2, 15:15–16:9). The Court agrees that these opinions are impermissible legal conclusions. *See, e.g.*, *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058–59 (9th Cir. 2008) (holding that district court did not err in excluding expert's legal conclusions, even if expert's statement of law had been correct). Further, as Defendant points out, the Court entered summary judgment on Plaintiff's insurance bad faith claim. (*See* Order Granting in Part Mot. Summ. J. 7:27–8:1, ECF No. 179). Even if that claim remained before the Court, however, Beckerman's opinion would still constitute an impermissible legal conclusion. *See Basu v. Massachusetts Mut. Life Ins. Co.*, 2:20-cv-01432-JCM-BNW, 2023 WL 1765676, at *3 (D. Nev. Feb. 3, 2023). Accordingly, the Court GRANTS Defendant's Motion to Exclude Beckerman's opinions on whether Defendant committed fraud or is liable on an insurance bad faith claim.

**d. Beckerman's Opinions on Defendant's State of Mind**

Defendant next moves to exclude Beckerman's opinions on Defendant's purported intent. (Mot. Exclude Expert 16:10–23). Specifically, Defendant takes issue with Beckerman's statements that Defendant "did not care" about Plaintiff's claim, and that Defendant had an "early intent to not investigate, evaluate, and resolve" Plaintiff's claim. (*Id.*) (quoting Expert Report at 16–18, 21–22, 25, 29, Ex. A to Mot. Exclude Expert, ECF No. 192-1). The Court agrees that an expert witness generally cannot "testify as to intent or state of mind." *Conceptus, Inc. v. Hologic, Inc.*, No. C-09-02280-WHA, 2011 WL 13152795, at *1 (N.D. Cal. Sep. 27, 2011). While critiquing the caselaw upon which Defendant relies in his Response, Plaintiff fails to provide any authority establishing that this kind of testimony is permissible under FRE 702. (*See* Resp. Mot. Exclude 21:20–22:8). Accordingly, the Court GRANTS Defendant's Motion to Exclude Beckerman's opinion on Defendant's state of mind.

**e. Beckerman's Characterization of Plaintiff as an "Eggshell Plaintiff"**

Defendant next moves to exclude Beckerman's opinion that Plaintiff is an "eggshell plaintiff." (Mot. Exclude Expert 17:1–6). Specifically, Defendant argues that because it is the jury's role to determine whether Plaintiff was an "eggshell plaintiff," Beckerman's testimony would effectively direct the jury how to rule. (*Id.*). In his Response, Plaintiff contends that Beckerman's statement that Plaintiff was an "eggshell plaintiff" was "simply part of [Beckerman's] analysis in determining" the value of Plaintiff's claim. (Resp. Mot. Exclude Expert 15:7–15). Further, Plaintiff concedes that Beckerman would defer to medical experts on whether Plaintiff was an "eggshell plaintiff." (*Id.* 14:22–25). Accordingly, the Court GRANTS Defendant's Motion to Exclude Beckerman from opining that Plaintiff was an "eggshell plaintiff."

**f. Beckerman's Opinion on the Impact of Defendant Internally Setting Reserves for Plaintiff's Claim**

Defendant next moves to exclude Beckerman's opinion on the impact of Defendant setting reserves for Plaintiff's claim. (Mot. Exclude Expert 17:7–17). In response, Plaintiff argues that expert testimony is needed to explain what a "reserve" is in the insurance context, and that Beckerman's knowledge and experience are well suited for such testimony. (Resp. Mot. Exclude Expert 22:10–23:1). While Plaintiff's point is well-taken, the Court has already concluded in this case that "[n]o reasonable jury could conclude that [Defendant's] $10,000 reserve on file demonstrates that it agrees [Plaintiff] has not been fully compensated." (Order Granting in Part Mot. Summ. J. 4:12–16) (citing *Phoenix Ins. Co. v. Your Vitamins, Inc.*, No. 2:12-CV-00564-MMD, 2013 WL 459226, at *3 (D. Nev. Feb. 5, 2013) ("[R]eserves information is based in accounting and liquidity and has nothing to do with the merits of a case."). Accordingly, the Court GRANTS Defendant's Motion to Exclude Beckerman's opinion regarding the impact of Defendant's reserves.

**g. Beckerman's Opinion on the Legal Obligation of Defendant to Obtain Medical Records**

Defendant next moves to exclude Beckerman's opinion on the legal obligation of Defendant to obtain medical records. (Mot. Exclude Expert 17:18–18:2). It argues that the question of whether Defendant was obligated to obtain Plaintiff's medical records goes to whether Defendant acted reasonably, which is a question for the jury. (*Id.*). In response, Plaintiff argues that such testimony from Beckerman would simply serve to explain what Defendant should have done in accordance with industry standards. (Resp. Mot. Exclude Expert 23:3-24:5). Plaintiff contends that a jury could reasonably determine whether they agree with Beckerman or not, and in stating this opinion Beckerman would not usurp the role of the jury. (*Id.*). The Court agrees with Plaintiff. This type of testimony is not an impermissible legal conclusion—it is an explanation of what Beckerman contends are the prevailing industry standards, the exact kind of testimony that he is fit to give based on his knowledge and experience in the industry. Accordingly, the Court DENIES Defendant's Motion to Exclude Beckerman's opinion on whether Defendant acted reasonably in failing to obtain Plaintiff's medical records. However, Defendant will not be permitted to opine that such failure constitutes a breach of a legal obligation by Defendant.

**h. Beckerman's Characterization Opinions**

Defendant next moves to exclude Beckerman's "characterization opinions," specifically, his testimony may suggest to the jury how to weigh the evidence, determine credibility, or ultimately rule. (Mot. Exclude Expert 18:4–21:10). Specifically, Defendant points to Beckerman's characterization of Defendant's conduct as, among other things, "very wrongful," and "incredibly bad." (*Id.*). In Response, Plaintiff argues that, while colorful, Beckerman's chosen language does not constitute an improper legal conclusion, but rather explains to the jury industry standards and whether Defendant met them. (Resp. Mot. Exclude Expert 24:8–

25:1). The dividing line here is whether the statements either (1) state a legal conclusion or (2) testify as to Defendant's state of mind. If Beckerman's characterization of Defendant's conduct merely seeks to establish that Defendant did or did not operate within the boundaries of prevailing industry standards, it is permissible. On the other hand, if Beckerman seeks to testify that Defendant breached a legal duty owed to Plaintiff, or testifies as to Defendant's state of mind, it is impermissible. *See Conceptus, Inc.*, 2011 WL 13152795 at *1.

Accordingly, the Court DENIES Defendant's Motion to Exclude Beckerman's characterization opinions. Plaintiff is warned, however, that Beckerman's characterizations of Defendant's conduct must be confined to an explanation of how the conduct comported with industry standards and must not stray too far into the realm of legal conclusions.

**5. Beckerman's Opinion that Defendant Failed to Evaluate Plaintiff's Claim**

Defendant next moves to exclude Beckerman's opinion that Defendant failed to evaluate Plaintiff's claim because Defendant did not include a document that included "general damages calculations [and] related analysis." (Mot. Exclude Expert 21:13–22:20). Defendants first argue that the only reason Beckerman would make this statement is because his experience was outdated; while such a document may have been required when he was working as a claims adjuster, it is not required now. (*Id.* 22:3–10). Second, Defendant argues that Beckerman is precluded from making this statement because he concedes in his report that Defendant's claim file contained "claim summaries" and a Loss Report. (*Id.* 22:11–19). The Court first notes that Defendant here again attempts to paint Beckerman's experience as outdated without providing any authority in support. As Plaintiff argues in Response, it is well within the knowledge and experience of Beckerman to opine on whether the presence or absence of certain documents in a claim summary comports with industry standards. (Resp. Mot. Exclude Expert 25:14–24). While it may be true that Defendant *did* include the documents that Beckerman contains are lacking in its claim summary, that does not mean that this Court should bar Beckerman from

testimony on the subject. Defendant may question Beckerman's conclusions on cross-examination and reserve the question of whether Defendant comported with industry standards for the judgment of the jury.

Accordingly, the Court DENIES Defendant's Motion to Exclude Beckerman's opinions on whether Defendant failed to properly evaluate Plaintiff's claim.

**6. Beckerman's Opinions Regarding Independent Medical Examiner Credibility**

Defendant next moves to exclude Beckerman's opinions regarding the credibility of independent medical examiners ("IMEs") employed by insurance companies. (Mot. Exclude Expert 23:1–24). Defendant points to statements made by Beckerman painting IMEs as "inherently unreliable," and "biased in favor of insurers." (*Id.*). Plaintiff does not offer a direct response, arguing generally that Beckerman will "defer to Plaintiff's medical experts" for comment on whether medical examinations conducted by IMEs were sound. (Resp. Mot. Exclude 26:3–27:7). However, Plaintiff maintains that Beckerman should not be precluded from opining on the "general reliability" of IMEs. (*Id.*).

It is well settled that expert witnesses may not opine on the credibility or truthfulness of another witness. *United States v. Rivera*, 43 F.3d 1291, 1295 (9th Cir. 1995). In testifying about the reliability of IMEs, Beckerman would have to walk a fine line between commenting on the use of IMEs according to industry standards and attacking the credibility of medical witnesses in this case. Accordingly, the Court GRANTS Defendant's Motion to Exclude Beckerman's opinions on the credibility of IMEs.

**7. Beckerman's Opinions Regarding the Qualifications of Defendant's Retained Expert**

Defendant next moves to exclude Beckerman's opinions regarding the qualifications of Defendant's retained expert, Jeffrey Thomas. (Mot. Exclude Expert 24:3–18). The Court agrees. The admissibility of an expert opinion is a question of law to be determined by the trial

court. *See Untied States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000) ("admissibility of expert opinion testimony generally turns on . . . preliminary question of law determinations by the trial judge"). As explained above, an expert may not offer legal conclusions. *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004). Accordingly, the Court GRANTS Defendant's Motion to Exclude Beckerman's opinions about the qualifications of Defendant's expert.

**8. Beckerman's Opinions About Plaintiff's Surveillance**

Defendant next moves to exclude Beckerman's opinion about Defendant's use of a surveillance company, "Professional Surveillance and Investigation, Inc.," to conduct surveillance on Plaintiff. (Mot. Exclude Expert 24:20–25:5). Defendant contends that it used that company only to perform a medical canvas on Plaintiff, and that Beckerman conceded that he would have no issue with the surveillance if it amounted only to a medical canvas. (*Id.* 24:22–25:1). Plaintiff argues in response that whether or not surveillance was actually conducted was "immaterial" to Beckerman's opinion; they contend he should be allowed to testify that "[i]t is very disturbing to me that USAA would not pay its insured his UIM benefits; but that it quickly paid its surveillance vendor for services rendered." (Resp. Mot. Exclude Expert 28:9–29:14).

This is not the kind of opinion that clearly runs afoul of FRE 702. While true that Beckerman appeared not to take issue with the medical canvas paid for by Defendant at his deposition, that does not immediately render his opinion that Defendant should have paid Plaintiff insurance benefits rather than paying for "surveillance" inadmissible. Indeed, Defendant can cross-examine Beckerman regarding the nature of the surveillance and his statement that he would have "no issue" with it if it amounted only to a medical canvas. Accordingly, the Court DENIES Defendant's Motion to Exclude this opinion.

///

**9. Beckerman's Opinions Regarding Defendant's Post-Litigation Conduct**

Finally, Defendant moves to exclude Beckerman's opinions about Defendant's conduct in this litigation. (Mot. Exclude Expert 25:7–26:14). Defendant argues that, because an insurer's litigation tactics are not relevant to an insurer's decision to deny coverage, Beckerman's opinion about Defendant's conduct in this litigation is irrelevant. (*Id.* 25:7–12) (citing *Allstate Fire and Cas. Ins. Co. v. Drakulich*, 526 P.3d 1104, 2023 WL 2672010, at *5 (Nev. Mar. 28, 2023)). In Response, Plaintiff contends that because Plaintiff's claim remains open even while this litigation remains pending, post-litigation conduct is at issue and can be opined on by Beckerman. (Resp. Mot. Exclude Expert. 29:17–30:12).

The Court agrees with Defendants. Especially given that the Court granted judgment in favor of Defendants on Plaintiff's bad-faith claim, Defendant's litigation strategy in this case is not relevant to whether Defendant violated the unfair claims act in refusing to compensate Plaintiff. *See Allstate*, 2023 WL 2672010 at *5. While true that the duty of good faith owed to Plaintiff continues into litigation, as Defendant points out, that duty does not demand an evaluation "of an insured's claim post-litigation." *Iovino v. Am Tr. Fin. Servs., Inc.*, No. 2:22-cv-01974-APG-NJK, 2024 WL 4696161, at *4 (D. Nev. Nov. 6, 2024) (citing *Searcy v. Ensurance Ins. Co.*, 243 F. Supp. 3d 1146, 1155 (D. Nev. 2017)). Accordingly, the Court GRANTS Defendant's Motion to Exclude Beckerman's opinions regarding Defendant's post-litigation conduct.

## V. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion in Limine to Exclude Evidence and Argument of Plaintiff's Claimed Future Damages Related to Future Shoulder Surgery, (ECF No. 200), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Exclude Expert Testimony of Marc Beckerman, (ECF No. 192), is **GRANTED, in part, and DENIED, in part.**

**IT IS FURTHER ORDERED** that Beckerman **may:** (1) opine on whether Defendant acted in accordance with industry standards in considering Plaintiff's medical evidence and in failing to obtain Plaintiff's medical records, (2) characterize Defendant's conduct as either comporting or not comporting with industry standards, (3) opine on whether Defendant properly evaluated Plaintiff's claim according to industry standards, and (4) opine on whether Defendant acted within industry standards in surveilling Plaintiff.

**IT IS FURTHER ORDERED** that Beckerman **may not:** (1) opine on the value of Plaintiff's case post-litigation, (2) state medical opinions about Plaintiff's prior medical conditions or whether medical treatment Plaintiff received was reasonable or appropriate, (3) opine on the propriety of Defendant's removal of the case, (4) opine on the interpretation of the insurance agreement, (5) state that Defendant committed fraud or bad faith, (6) opine on Defendant's state of mind, (7) state that Plaintiff is an "eggshell plaintiff," (8) state that Defendant breached a legal duty owed to Plaintiff, (9) opine on the credibility of independent medical examiners, (10) opine on the qualifications of Defendant's expert witness, or (11) opine on Defendant's litigation strategy or post-litigation conduct.

**DATED** this 26 day of October, 2026.

________________________________
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT